### CHESTER CLEVELAND *v.* MARTIN WOODWARD.

C. had dealings with W., and W. employed him to labor on a farm which was owned and carried on by W. and another, in partnership; but the partnership was not known to C. until after suit commenced : *Held,* that C. might recover in the action against W. for the labor done for the partnership.

THIS was an action on book. There was a judgment to account, and reference to an auditor.

The auditor reported that the parties had appeared before him and exhibited their respective accounts, which accompanied his report ; that " the defendant objected to the four ' last items in the plaintiff's account, and contended that ' they were improperly charged to *him,* because, at that time, ' he was in partnership with one Stillman Woodward, and ' said items were properly chargeable to the company. In ' relation to this, the auditor finds that said Martin and Still- ' man Woodward had, a short time previous to the labor's ' being performed, for which said four charges are made, ' purchased the farm and stock, and carried on the same in ' company ; that Martin Woodward contracted with the ' plaintiff for the labor of his boys—which was the subject of ' three of said charges—which was performed upon said farm ' for the benefit of said company ; and that the plaintiff did ' not know of the existence of said partnership, until after the ' commencement of this suit."

The auditor thereupon reported that if, upon this finding,

the court should be of opinion that the charges in question were properly made to the defendant, then he finds and allows a balance for the plaintiff of $27.56 ; but if the court should be of opinion that said items ought not to be charged to the defendant, then he finds and allows a balance for the defendant of $9.04.

RUTLAND,
*February,*
1843.

Cleveland
*v.*
Woodward.

The auditor further reported that the last of said four items, being a charge of one dollar, had been specifically paid in an article charged the plaintiff in the company account.

Upon this report the court rendered judgment for the plaintiff, to which the defendant excepted.

—— ——, for defendant.

It is not pretended that Stillman Woodward was a dormant partner, or that there was a secret partnership, or that Martin Woodward made any agreement, in his individual capacity, to be separately liable. It only appears that one of the partners contracted for the work—not for his individual interest, but for the company ; the services were rendered for the company, and the company were liable for them, and not the individual partner alone. The case of *Loomis* v. *Barrett*, 4 Vt. R. 450, is analogous to this. There, Barrett made the contract to build the school-house, and for the brick, and Loomis had no knowledge of his having a partner, and brought the suit for the brick against Barrett alone. Barrett proved that McGrath was his partner, who was not joined in the suit, and the court held that the suit could not be sustained against Barrett alone.

It is unlike the case of *Goddard* v. *Brown*, 4 Vt. R. 279, for, in that case, the court, in giving their opinion, go upon the ground that the partnership was virtually dissolved, by one of the parties having left the state, though there had been no formal dissolution.

This is unlike the case of *Taggart* v. *Phelps*, 10 Vt. R. 318. In that case, Phelps contracted with Taggart to board his driver, on the 13th of January, 1832, and he continued to board with him until the 15th of July, 1832. Taggart sold out one-half his stage property on the 24th of February, 1832, to Chamberlin, but gave no notice to Phelps to charge the board from that time to him and Chamberlin, but Phelps continued to board the driver upon the original contract with Taggart.

RUTLAND,
February,
1843.

Cleveland
v.
Woodward.

*S. H. Hodges* and *E. F. Hodges*, for plaintiff.

The auditor has found that the last item in the plaintiff's account was paid, and has allowed nothing for it in effect. It may, therefore, be laid out of the case. The only other items in the plaintiff's account, objected to, are the three preceding the last. To exonerate himself from them, it is not enough for the defendant to show, as he has done, that he had formed a partnership with another, embracing those items in its scope of business. He must show farther— 1. That the partnership had the benefit of the services charged, respecting which it would seem that he offered no testimony; and 2. That the plaintiff contracted with the partnership; which is expressly contradicted by the finding of the auditor.

Where a secret partnership is concerned in a purchase, the vendor may, indeed, embrace the dormant partners in his action; but it is at his election to pursue the acting partner only. *Evans* v. *Drummond*, 4 Esp. N. P. C. 89. In order to restrain him from pursuing one alone, it must be shown that he contracted with the partnership. This may be presumed, we admit, from his knowledge of the existence of such a partnership, embracing the business. But where it appears, as in this case, that the plaintiff had no knowledge of the partnership, there is no room for such a presumption, and he may seek his remedy against the contracting party alone; especially where the party making the contract has previously been accustomed to deal with the plaintiff, he must not only apprise him that he has formed a partnership, but also notify him that he is acting in behalf of it, before he can turn the plaintiff over to an action against it. *Taggart* v. *Phelps*, 10 Vt. R. 318; *Goddard* v. *Brown*, 11 do. 278; *Baldney* v. *Ritchey*, 1 Stark. N. P. C. 338; *Doe* v. *Chippenden*, there cited; *Stanfield* v. *Levy*, 3 Stark. N. P. C. 8; *Mantort* v. *Saunders*, 1 B. & Ad. 398; *Mallet* v. *Hook*, 1 M. & M. 88.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — This case seems to be conclusively settled by authority. The plaintiff had dealings with the defendant. The only dispute is in relation to the four last items in the plaintiff's account, which were for labor per-

formed on a farm, of which the defendant and Stillman Woodward were owners, and which they carried on in company. The defendant contracted with the plaintiff for the labor, who did not know of the existence of the company until after the commencement of this suit. If these items are disallowed, the balance would be due to the defendant. It is to be remembered that it is only in this action that advantage can be taken of the non-joinder of a joint debtor, on trial of the merits. It is settled that a plaintiff cannot be compelled to be a creditor of two, one of whom he did not know, as his joint debtors, and not be the sole creditor of the one he does know. In the case of *Dubois* v. *Ludert*, 5 Taunt. 609, it was decided that if a man enters into a contract with one person, not knowing he has a partner, it is competent for that partner, being sued, to plead, in abatement, that he has other partners who are not joined. That case, however, stands alone, and is opposed to the decision in the case of *Baldney* v. *Ritchey*, 1 Stark. N. P. C. 338, *Doe* v. *Chippenden*, there cited ; to the opinion of Lord Eldon, in *ex parte Norfolk*, 19 Ves. 455, and directly overruled by Lord Tenterdon, in *Mallet* v. *Hook*, 1 M. & M. 88, and by the court of king's bench, in the case of *Mantort* v. *Saunders*, 1 B. & Ad. 398. By these cases, it is fully settled that, even in the case of a general partnership, if a contract is made with one of two partners alone, and the plaintiff is not aware that he is dealing with the partnership, and it is not disclosed to him by the defendant with whom he deals, the non-joinder cannot be pleaded in abatement. *A fortiori*, it cannot be done in the action on book, where a failure to recover might endanger all the security he may have by attachment for his debt. The judgment of the county court is, therefore, affirmed.